**No. 55174.**—Sandoz Chemical Works, Inc. *v.* United States, protest 145798–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest is described on the invoice as "Nilo P" and was assessed with duty by the collector of customs at the rate of 35 per centum ad valorem under the provisions of paragraph 55 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 55), which reads as follows:

PAR. 55. Alizarin assistant, Turkey red oil, sulphonated castor or other sulphonated animal or vegetable oils, soaps made in whole or in part from castor oil, and all soluble greases; all the foregoing in whatever form, and suitable for use in the processes of softening, dyeing, tanning, or finishing, not specially provided for, 35 per centum ad valorem.

An assessment of tax or duty under the provisions of section 2491 (c) of the Internal Revenue Code was also made upon the merchandise, but is not involved in this suit.

At the trial of the issue counsel for the defendant conceded that the merchandise at bar is not an alizarin assistant, a Turkey red oil, or a sulphonated animal or vegetable oil, so that the classification must rest upon the language—

* * * soaps made in whole or in part from castor oil, and all soluble greases; all the foregoing in whatever form, and suitable for use in the processes of softening, dyeing, tanning, or finishing, not specially provided for * * *.

Plaintiff contends primarily that the article at bar is not a soap or a soluble grease and consequently is not classifiable under the foregoing provision but is dutiable under the provisions of paragraph 57 of the same act, reading as follows:

Combinations and mixtures of animal, vegetable, or mineral oils or of any of them (except combinations or mixtures containing essential or distilled oils), with or without other substances, and not specially provided for, 25 per centum ad valorem, but not less than the rate applicable to the component material subject to the highest rate of duty: *Provided,* That no article containing alcohol shall be classified for duty under this paragraph.

By timely amendment of the protest, a claim for duty at the rate of 25 per centum ad valorem under the provision in paragraph 5 of the same act for "all

combinations and mixtures of chemical salts and compounds, not specially provided for" was alternatively made.

Plaintiff further alternatively contends that if the article at bar is a soap, it is not suitable for use in the processes of softening, dyeing, tanning, or finishing, and is consequently not classifiable under paragraph 55, and by timely amendment of the protest contends that it is dutiable at 15 per centum ad valorem under the provision in paragraph 80 of the same act for "all other soap * * * not specially provided for," or under the provision in the same paragraph and act, as modified by the British Trade Agreement, T. D. 49753, for "Leather soap, including saddle soap, not specially provided for" at the rate of 10 per centum ad valorem. A further alternative claim under the provision for nonenumerated manufactured articles in paragraph 1558 is also made.

All of the oral evidence offered in this case was given by chemists, each of whom was obviously well qualified in that field. Three testified on behalf of the plaintiff, and one on behalf of the defendant.

There does not appear to be any dispute but that the merchandise at bar was produced by the condensation of oleic acid and castor oil, partly saponified with caustic potash and having added free oleic acid, and that it is used in the manufacture of water repellents.

Two of the witnesses for the plaintiff who were interrogated on the point stated that the Nilo P in issue is not a soluble grease because it is not soluble in water and is a liquid at room temperature. Defendant's witness stated he would call Nilo P a soluble grease "at certain temperatures" but "wouldn't right now."

The same witnesses for the plaintiff stated that Nilo P is not a soap because it contains excessive free fatty acid, is not a cleansing agent, and is insoluble in water. Although it was maintained by defendant's witness that he regarded Nilo P as a superfatted soap, he admitted that his view was not in accordance with Hilditch's "Fats and Waxes," which he regarded as an authority on the subject.

We are satisfied that a preponderance in weight of the evidence submitted establishes that Nilo P is neither an insoluble grease nor a soap within the meaning of those terms as used in paragraph 55, and that consequently, in view of the concessions made as to the other commodities named therein, it is not dutiable thereunder. This is virtually conceded by counsel for the defendant, who, in lieu of filing a brief, advised the court by letter as follows:

> In view of the claim of plaintiff that the merchandise in suit is dutiable at the ad valorem rate of 25 per centum under paragraph 57 of the Tariff Act of 1930, the defendant does not desire to file a brief in the case.

Since it is held that the Nilo P involved is not a soap, it is not dutiable under the provisions for various soaps in paragraph 80, as claimed in the protest.

The testimony offered by the plaintiff, which was not controverted, establishes that the involved merchandise is a combination of a vegetable oil, i. e., castor oil, with other substances, i. e., caustic potash and free oleic acid, and that it does not contain essential or distilled oils. It therefore falls squarely within the provision for—

> Combinations and mixtures of * * * vegetable * * * oils or of any of them (except combinations or mixtures containing essential or distilled oils), with * * * other substances, and not specially provided for * * *,

in paragraph 57. This paragraph is more specific in its application to the merchandise than the other paragraphs enumerated in the protest, i. e., paragraph 5, covering chemical salts and chemical compounds, and paragraph 1558 covering nonenumerated manufactured articles. The only question remaining to be determined, therefore, is the rate of duty to be applied to the merchandise at bar under paragraph 57, *supra*.

Paragraph 57 specifies a rate of duty of 25 per centum ad valorem, with the proviso, however, that the rate assessed shall be—

* * * not less than the rate applicable to the component material subject to the highest rate of duty * * *.

As stated above, the involved combination is composed of castor oil, oleic acid, and caustic potash. Castor oil is dutiable under paragraph 53 of the Tariff Act of 1930 at 3 cents per pound; oleic acid is dutiable under paragraph 1 at 20 per centum ad valorem; and caustic potash is dutiable under paragraph 78 at 1 cent per pound. The ad valorem rate for oleic acid is less than the ad valorem rate applicable to the combination under paragraph 57, and since the total weight of the Nilo P involved is 6,613.8 pounds and its total value is $3,771, it is obvious that the specific rates applicable to the castor oil and the caustic potash are less than the 25 per centum ad valorem rate applicable to the combination.

Judgment will therefore issue sustaining the protest claim for duty at the rate of 25 per centum ad valorem under paragraph 57 of the Tariff Act of 1930, and directing reliquidation of the entry accordingly.